[No. 15369.   Department Two.   August 5, 1919.]

J. H. GILLULY, *Trustee, Respondent,* v. EDWARD K.
HAWKINS, *Appellant.*[1]

ARMY AND NAVY—RELIEF ACT—EVICTION—DISCRETION—FEDERAL
STATUTE.  Under the military and naval relief act providing that
there shall be no eviction of defendants from a dwelling where the
monthly rental does not exceed $50, except on leave of court which
in its discretion may stay proceedings for three months, the court
exercises its discretion under the act where it suspended the writ
of restitution for more than three months and then upon the trial
decided that the writ should issue.

Appeal from a judgment of the superior court for
King county, Smith, J., entered December 30, 1918,
upon findings in favor of the plaintiff, in an action in
unlawful detainer, tried to the court.   Affirmed.

*Jay C. Allen* and *Edward K. Hawkins, in pro per.,*
for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

MOUNT, J.—This is an action in unlawful detainer,
based upon the failure of the defendant to vacate cer-
tain premises after twenty days' notice terminating his
tenancy.

Plaintiff, on the 23d day of August, 1918, filed his
complaint, alleging that he was the owner of the prop-
erty; that the defendant was in possession as a tenant,
the tenancy being one from month to month with a
stipulated monthly rental; that the monthly tenancy
terminated on the 21st day of each and every calendar
month; that, on the first day of August, 1918, plaintiff
caused to be served upon the defendant a notice ter-
minating his tenancy on the 21st day of August and
requiring the defendant to deliver possession of the

[1]Reported in 182 Pac. 958.

premises to the plaintiff; and that the defendant failed
and refused to comply with the notice and unlawfully
withholds possession of the premises from the plain-
tiff. Upon the filing of this complaint, a writ of resti-
tution was issued, and thereafter, on August 31st, the
defendant appeared in the action and filed a motion
to vacate and set aside the writ of restitution for the
reason that the defendant was dependent upon a son
who was a soldier in the military service of the United
States, and that the agreed rent did not exceed fifty
dollars ($50) per month. This motion was based upon
an affidavit stating, in substance, that the defendant
was the father of a soldier engaged in the military
service of the United States; that he was wholly de-
pendent upon the support he received from that sol-
dier; that he was occupying the premises as a resi-
dence at a rental of eight dollars ($8) per month; and
upon the further ground that the tenancy was an oral
tenancy for the period of one year and not from month
to month. This motion came on to be heard, and the
court suspended the writ of restitution until the final
hearing of the case. Thereafter an answer was filed
which set up substantially the facts stated in the affi-
davit, and a reply was filed to the answer. The case
came on for trial on December 17, 1918. At the trial,
the court found that the tenancy was one from month
to month; that a notice to quit was properly served on
the first day of August, 1918, requiring the defendant
to deliver possession to the plaintiff; and entered a
judgment as prayed for in the complaint. The de-
fendant has appealed from that judgment.

He relies upon the provisions of the act of Congress
entitled:

"An act to extend protection to the civil rights of
members of the Military and Naval Establishments of
the United States engaged in the present war,"

approved March 8, 1918, subd. 1, of § 302, of which provides:

"That no eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $50 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession."

Subdivision 2 of this section provides:

"On any such application or in any such action the court may, in its discretion, on its own motion, and shall, on application, unless in the opinion of the court the ability of the tenant to pay the agreed rent is not materially affected by reason of such military service, stay the proceedings for not longer than three months, as provided in this act, or it may make such other order as may be just." Federal Statutes Annotated (2d ed.), Supplement 1918, p. 816.

If we may concede that the appellant is a dependent of a person in the military service, as provided in that act, it is apparent that the act leaves it to the discretion of the court to grant the relief prayed for in the complaint. In this case the trial court exercised that discretion and suspended the writ of restitution for a period of more than three months, and then, upon the trial of the case, concluded that the writ should issue. We think it is plain from the terms of the act itself that the court was justified in so doing.

It is also argued that the tenancy here created was a tenancy for one year. There was a conflict of the evidence upon this point. The court found that the tenancy was from month to month only. There is abundant evidence in the record to justify this finding. In fact, we are convinced that any other finding would have been against the weight of the evidence.

We find no error, and the judgment is therefore affirmed.

HOLCOMB, C. J., PARKER, FULLERTON, and BRIDGES, JJ., concur.