## Nase v. Farley

*Stewart Nase*, for petitioner.

*Robert Trucksess*, for respondent.

KNIGHT, P. J., August 19, 1943.—In November of 1940 Harry M. Nase leased a dwelling house and lot, at the intersection of West Point Pike and Park Avenue, West Point, this county, to Laura B. Farley, for one month, on an oral lease, at a monthly rental of

$40. Mrs. Farley has occupied the premises since, and there is no rent due and in arrears.

In September 1942, Mrs. Farley's son, Rewell Robert Farley, enlisted in the Atlantic Transport Service, with a rank of first class cook. His pay averages $79.50 a week, plus a bonus. He is married but contributes from $20 to $25 per week toward the support of his mother.

On December 30, 1942, Mr. Nase gave to Mrs. Farley notice to quit. In February, Nase received some letters from the Philadelphia representatives of O. P. A., and subsequently a hearing was held in Philadelphia on the Farley case. On March 26, 1943, counsel for Mr. Nase received a letter from O. P. A., which was accepted in evidence. This letter states, inter alia:

"We have considered this matter very thoroughly and have determined that this office will not intervene in any legal proceedings instituted for the eviction of the said tenant."

After receiving this "non-interference" letter, Nase began proceedings before a magistrate to evict Mrs. Farley. Then the Army Emergency Relief Association stepped into the picture, whereupon Nase presented a petition to this court, praying leave to proceed with the eviction proceedings. An answer was filed, which was merely a general denial of the averments of the petition. A hearing was held before the writer of this opinion, in which both Nase and Mrs. Farley were represented by counsel, and both testified.

At this hearing the facts, as above set forth, were developed, as also these additional facts:

Nase desires possession of his house so that he may occupy it himself. He has sold his business at West Point, his wife is ill, and the house now occupied by Mrs. Farley is smaller, warmer, more easily cared for and heated than the one in which he is now living. Mrs. Farley is an able-bodied woman, who declared on the stand that she could easily get work if she wanted it.

She conducts a small milk route, without any compensation, for a man who is now in the service. The only other occupant is a daughter, 18 years old and employed. The daughter pays her mother $8 per week as board.

Mrs. Farley claims that she is exempt from process of eviction, as the dependent of one in military service, under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 and the Soldiers' and Sailors' Relief Act Amendments of 1942.

The relevant portions of section 300 of these acts provide:

"(1) No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession.

"(2) On any such application or in any such action the court may, in its discretion, on its own motion, and shall, on application, unless in the opinion of the court the ability of the tenant to pay the agreed rent is not materially affected by reason of such military service, stay the proceedings for not longer than three months, as provided in this Act, or it may make such other order as may be just. Where such stay is granted or other order is made by the court, the owner of the premises shall be entitled, upon application therefor, to relief in respect of such premises similar to that granted persons in military service in sections 301, 302 and 500 of this Act to such extent and for such period as may appear to the court to be just."

Assuming that Mrs. Farley is a dependent within the meaning of the acts, it appears that the court is vested with a wide discretion as to whether she be

afforded relief. As we see it, the court in the exercise of this discretion may either stay the proceedings for three months or it may make such other order as may be just. Although we have made a careful search, we have been unable to find any reported case in which these sections of the Soldiers' and Sailors' Civil Relief Acts have been construed or discussed. We find, however, that the 1940 and 1942 acts are practically a reenactment of a similar act of 1918. In Gilluly v. Hawkins, 182 Pac. 958 (1919), the Supreme Court of the State of Washington, in a case very similar on its facts to the case at bar, held, as appears in the syllabus:

"Act of Congress of March 8, 1918, sec. 300 (U. S. Comp. St. 1918, Sec. 3078¼ ee) providing that no eviction or distress shall be made during the period of military service in respect of any premises occupied by dependents of persons in military service, leaves it to the discretion of the court to grant relief thereunder."

We cannot and will not believe that two healthy adult women, with the income of Mrs. Farley and her daughter, cannot find suitable shelter in West Point or its vicinity even though there may be a shortage of housing facilities. The shelter may not be exactly what they want, but we must all put up with inconveniences and discomfort in these wartime days. Mrs. Farley has had since December 30, 1942, to find other living quarters, but we will give her a further opportunity. Therefore, in the exercise of our discretion, after due deliberation, the following order is made:

And now, August 19, 1943, all proceedings to evict Laura B. Farley from premises situate at the intersection of West Point Pike and Park Avenue, in the Village of West Point, Montgomery County, Pa., are stayed until, and only until, October 1, 1943, provided the said Laura B. Farley shall pay all rent due or to become due for said premises up to October 1, 1943.