**WILLSON, Plaintiff v. WILLSON, Defendant.**

Court of Domestic Relations, Franklin County.

No. 31939.   Decided February 11, 1944.

Gale R. King, Columbus, for plaintiff.
Herbert and T. J. Duffy, Columbus, for defendant.

**OPINION**

By ROSE, J.

The plaintiff in this case, Helen S. Willson, filed her action in this Court on August 19th, 1943, praying for a divorce, alimony and other general relief. In conjunction with this petition plaintiff filed her motion for temporary alimony, support money for the minor child and expense money necessary in the prosecution of this action. The City National Bank & Trust Company was made a party defendant and enjoined from paying to the defendant any monies in possession of said bank; said bank was further restrained from releasing to defendant any property or contents from his safety deposit box. A precipe was filed in the usual form for service upon the defendant but the sheriff's return shows that they were unable to locate the defendant and no personal service to this time has been had upon the defendant.

Upon September 30th an amended petition was filed which more fully described the properties that the defendant is supposed to own. No personal service has ever been had on the amended petition. In conjunction with this amended petition another motion was filed asking for temporary alimony, support money for minor child and expense money necessary for the prosecution of this case.

Further upon the 30th day of September, the day of the filing of this amended petition, the plaintiff filed her affidavit for service by publication. Wherein she asked that service be had by publication for a divorce, custody of the minor child, support money for minor child of the parties, permanent and temporary alimony and expense money. In said affidavit for service by publication certain properties were described and it was requested that November 20th, 1943 be fixed as date of hearing upon the above question of temporary alimony, support money and expense money.

Further search of record discloses that proof of publication was filed on November 5th wherein the printed public notice was attached to the proof of publication, which shows the necessary publication for six consecutive weeks in the Daily Reporter, a recognized newspaper of this county, as required by law. Said publication described fully the properties as

set forth in the affidavit for service by publication and as described in the amended petition.

The record further contains affidavits on the part of Helen S. Willson, the plaintiff, and based upon depositions, that there is in the City National Bank & Trust Company the sum of $1711.88; that defendant's salaries, bonuses, etc., in 1942 amounted to $22,081.00; that in 1943 up to May 8th he received the sum of $7,458.33 as salaries and the sum of $45,000 as cash from the sale of certain stocks owned by him, also $14,000 from the sale of certain interests in Medick Estates, or a total of $66,458.33 which is alleged he received for the year of 1943.

After considering the affidavits and the allegations in plaintiff's petition this court on November 22, 1943 sustained the motion for temporary alimony and support money and allowed the sum of $300 per month, effective as of November 20th, the date fixed in the publication service for hearing, also that defendant further pay out of his property or assets the sum of $500 as expense money, said money to be paid instanter. That if said money was not paid within ten days the money being held in the City National Bank & Trust Co., were to be ordered paid into court and said monies applied to the said order. This order was journalized November 24, 1943.

On November 30th the defendant filed his motion to stay proceedings alleging that the defendant had been inducted into the United States Army and that the Court had no right to make an order against said defendant. The matter was presented to the Court in the form of argument by counsel and certain evidence was submitted in the form of a telegram from his draft board showing that Ralph M. Willson had been accepted for military service on November 23, 1943. An affidavit was also filed showing that plaintiff had received nothing on the Court's order.

The plaintiff's motion sets forth certain statements of fact which can not be considered as evidence in this case, but the only question this court has to decide at this time is:

FIRST, whether or not the court had jurisdiction to make an order against the defendant for temporary alimony and expense money out of his properties, said properties having been fully described in the notice by publication.

SECOND, whether or not the entrance of the defendant into the military service stays all proceedings as to such a judgment.

First of all the court considers the amount of $300 per month as fixed in this case as temporary alimony and support

284

■ money for the minor child, also for the support of the home in which the plaintiff has lived and cared for her child to be a reasonable· amount and is consistent with his income as set forth in plaintiff's petition and affidavit. Also the court believes the sum of $500 a temporary expense money allowance is a reasonable amount as authorized by statute for the preparation and prosecution of this case.

■ A proceeding of this kind to appropriate property for alimony and support money is substantially an action in rem, and the court has jurisdiction on the presentation of the service by publication to decree the relief sought.

**Benner v Benner, 63 Oh St p. 220.**

Perhaps the leading case in the United States having to do with this question is the case of Pennoyer v Neff, 95 U. S. 714. This case has been used in the law schools throughout the country as one of the leading cases on the right to appropriate properties under jurisdiction of the court by such a proceedings as followed in the case under consideration. The court stated in the Pennoyer v Neff case:

"The law assumes that property is always in the possession of its owner in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizures for its condemnation and sale."

This case has been followed ·by the Ohio courts and followed by the Supreme Court in later decisions.

**Benner v Benner, 63 Oh St, p. 220.**

**St. Clair St. Realty Co. v Beeman, 81 Oh St 509.**

**Pennington v 4th National Bank of ·Cincinnati, 92 Oh St 517.**

**Reed v Reed, 121 ·Oh St 188.**

The property was seized by the Court in this case when the City National Bank & Trust Co., was made a party defendant and restrained from disposing of any of the defendant's money. A proper description of the property was made in service by publication as required in **Parker v Parker, 29 Abs 49.**

■ Therefore, this Court had jurisdiction to make an award out of the property within the jurisdiction of the Court.

The second question is one of interpretation of the Selective Training and Service Act of·1940, an Act of Congress of September 16, 1940, also known as the Soldiers' & Sailors' Civil Relief Act of 1940.

The defendant in this case was not in military service upon the date set for hearing in the publication notice. That notice provided that the cause was to he heard on or after November 20th, 1943. This cause was heard and the decision of the court made on November 22nd, 1943, one day before the defendant entered the military service. The written decision of the Court was not journalized as a formal journal entry until November 24th, that date being one day after defendant's entry into service. Therefore, the defendant was not in the military service unless the written order of the Court dated November 22nd is not an order until same is journalized. If it was on November 22nd an order the Civil-Military Act would not apply. However, let us assume that it was not an order until one day after defendant's entry into the military service or the day the formal entry was filed. Then what effect would the Civil-Military Act have upon the order.

The sections of this Act of Congress applicable to this case are as follows:

"Art. II, Sec. 201:   At any state thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

"Art. II, Sec. 203:   In any action or proceeding commenced in any court against a person in military service, before or during the period of such service, or within sixty days thereafter, the court may, in its discretion, on its own motion, or on application to it by such person or some person on his behalf, shall, unless in the opinion of the court the ability of the defendant to comply with the judgment or order entered or sought is not materially affected by reason of his military service—

(a)   Stay the execution of any judgment or order entered against such person, as provided in this Act; and

(b)   Vacate or stay any attachment or garnishment of property, money, or debts in the hands of another, whether before or after judgment as provided in this Act."

There are not many decisions in the State of Ohio which this Court has been able to find interpreting the above Act. A study of the above sections certainly discloses that Congress has placed around the individual in the Military Service a cloak of protection to protect him from judgments against his person or property while in the service of his country. This is without question as it should be. Certainly the boy in Military Service has plenty of duties and responsibilities requiring his fullest attention without the worry and concern of domestic and civil problems at home. It is the duty of the Court to protect the soldier at all times in carrying out the purposes of this Act and the intention of Congress when the same was passed. However, Congress did see fit to make certain exceptions and those exceptions are for the protection of those individuals in Civil life; since the Act provides that the Court may in its discretion allow the action to proceed where there is an ability to prosecute or defend the action. The property of the defendant is in the jurisdiction of this court. He has left here without making provision for the care, maintenance or support of a wife and child and unless they are properly provided for, they may become charges upon society, the community or their friends. It is not reasonable to believe that Congress intended that an individual in military service could escape any or all civil responsibilities by hiding back of this Civil-Military cloak of protection, but that this soldier still has certain civil responsibilties, duties and obligations which should not be taken advantage of by an abuse of discretion on the part of a court in allowing the matter to proceed.

The case closest in point which this court has been able to find is the case cited by the attorney for the plaintiff, Clark v Clark, 25 N. Y (2d), p. 64.

The case was parallel to the case at bar. In that case the court held it was within the provinces of the court to protect the wife and children and to see that a sufficient amount was awarded them to provide for them reasonable necessities of life while the father or husband was in the military service.

Another case cited by the plaintiff is the case of Tulley v Superior Court, 45 Cal. App. (2d), 24:

"If Congress has determined that public interest does not require that a non-resident member of the armed forces shall be absolutely free from civil process, the District Court of Anpeals should not determine that public policy requires such extreme protection."

Other cases considered: Gilhuly v Hawkins, 108 Wash. 79; State v Klene, 201 Mo. App. 406; Brooklyn Trust Co. v Poppa, 33 N. Y. S. (2d), 57.

The defendant in this case by his motion to stay the proceedings apparently refuses to recognize any responsibilities on his part toward his wife and child. He does not question the reasonableness of the order nor does he make any offer of provision for their support. He asks that the proceedings be stayed and that his family get along the best they can, as they apparently have for the past several months, even though he has sufficient property within the jurisdiction of the Court for their care.

It is therefore the judgment of this Court that the motion to stay the proceedings because of lack of jurisdiction or because of defendant's induction into the U. S. Army be overruled and it is so ordered. Exceptions noted.