## Clinton E. Luckes, Plaintiff-Appellee, v. Anna Pauline Luckes, Defendant-Appellant.

### Gen. No. 10,009.

Third District.

February 14, 1956.

Released for publication March 1, 1956.

Londrigan & Londrigan, of Springfield, and Charles H. Weyl, of St. Paul, Minnesota, for appellant.

Robert Weiner, of Springfield, for appellee.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

The Circuit Court of Sangamon County, Illinois, on the 6th day of July 1954 entered a decree of divorce in favor of the plaintiff, Clinton E. Luckes and against the defendant, Anna Pauline Luckes on the ground that the defendant was guilty of willful desertion. The defendant has appealed from that decree.

The appellant commenced a suit for divorce in the District Court of Ramsey County, State of Minnesota against the appellee in February 1954, wherein she

charged the appellee with desertion, prayed for a decree of divorce, custody of their sole child, support money for the maintenance of the child, attorney's fees and costs. Personal service was had upon the defendant, and on March 26, 1954 he filed in the office of the clerk of that court his answer to the complaint.

Subsequent to the filing of said suit in the Minnesota court and on March 3, 1954, the appellee filed in the Circuit Court of Sangamon County, Illinois a petition for waiver of declaration of intention to file a complaint for divorce, supported by affidavit, wherein no reference is made to the pending suit in the State of Minnesota, and on the same day the Circuit Court of Sangamon County entered an order that the requirements of "an act in relation to actions for divorce, separate maintenance and alimony" was waived. On the same day the appellee filed his complaint alleging the appellant was guilty of willful desertion, that one child had been born of the marriage, and praying that a divorce be decreed to him. Service was had upon appellant by publication, and on the 5th day of April 1954 appellant filed her answer wherein she alleged that she was a resident of the State of Minnesota, and prior to the commencement of the action in Sangamon County she had commenced a suit for divorce in the District Court of Ramsey County, Minnesota, and that service of summons was had upon the appellee prior to the commencement of his action in Sangamon County. She also filed a cross-bill alleging that appellee was guilty of willful desertion for more than one year next preceding the filing of the answer, prayed for a decree of divorce, and that she be awarded custody of their son and the sum of $62.50 per month for the support of the child. On June 23, 1954 appellant filed a supplemental answer containing the same allegations as set forth in her answer and further alleging that the action in the District Court of Ramsey County,

Minnesota came on for trial on June 21, 1954, and after a motion by appellee for continuance was denied, evidence was duly taken and a decree was entered granting to appellant an absolute divorce from the appellee and awarding to her the custody of their minor son with support money in the amount of $62.50 per month for that child from June 1, 1954 until May 18, 1971, when such child would arrive at full legal age. She further alleged that the issues raised by the complaint of the appellee in the Circuit Court of Sangamon County, Illinois were moot and the decree of the Minnesota court was res judicata, a certified copy of which was attached to the supplemental answer. Appellee filed his replication to the supplemental answer alleging that he was a captain in the Armed Forces of the United States assigned to duty with a Springfield detachment; that he was not available to defend the cause of action for divorce pending against him in the District Court of Ramsey County, Minnesota on June 21, 1954; that he had filed his motion to stay the Minnesota proceeding, as provided by the Soldiers' and Sailors' Civil Relief Act, but that the District Court of that county overruled his motion to his prejudice and in violation of his rights guaranteed him under the Soldiers' and Sailors' Civil Relief Act, and attached thereto was a copy of his motion filed in the Minnesota court, a copy of his affidavit as well as the copy of the affidavit of his superior officer.

On the 29th day of June 1954 the appellant made a motion in the Circuit Court of Sangamon County to dismiss the complaint, and the court took the same under advisement until the 6th day of July 1954. Thereupon a hearing was had on the complaint, the answer, supplemental answer and replication, and the court took the cause under advisement to July 6, 1954.

On the 6th day of July 1954, the court failed to pass upon appellant's motion to dismiss appellee's com-

plaint. The court entered a decree of divorce in favor of the plaintiff and against the defendant wherein the court found: "the Minnesota court having ignored a motion by plaintiff cross-defendant filed in the Minnesota court of Ramsey County on June 18, 1954 to cancel the setting of the complaint in the Minnesota court and to stay all proceedings by virtue of the Soldiers' and Sailors' Civil Relief Act," although there was no evidence in the record to support such finding, and in fact, the overruling of his motion was admitted by the appellee in his replication. The court further found by its decree that the appellant was guilty of willful desertion, granted a decree of divorce to the appellee and dismissed the appellant's cross-complaint. The court further found in the decree that the "alleged judgment" entered against the appellee in the Minnesota court "has prejudiced the rights of the plaintiff" (appellee) "because of his inability to appear to conduct his defense in the Minnesota action." The court further found in its decree "that the issues in this cause are not moot and upon the evidence produced on the hearing of this cause the alleged Minnesota judgment is not res judicata and binding upon this court."

In October 1955 leave was granted without objection in this court to file a copy of the opinion of the Supreme Court of the State of Minnesota filed on June 7, 1955 in the appeal taken by the appellee here from the decree of divorce granted to the appellant here, from which it appears that the appellant's complaint was filed in the District Court of Ramsey County, Minnesota on February 25, 1954, that thereafter the appellee here instituted the present action in Sangamon County, Illinois on March 3, 1954, and that on June 5, 1954, appellant's attorney was notified by appellee's attorney that the Illinois case would come on for trial in Springfield, Illinois on June 29, 1954 and that ap-

pellee would be available under the Illinois action on that date. On June 11, 1954 the Ramsey County District Court ordered the trial of the cause there pending to be set for the 21st day of June of the same year. On June 17th the appellee here filed a second motion for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act, supported by the affidavit of himself and his superior officer. The question before the Minnesota Supreme Court was whether the Minnesota trial court erred in denying the motion for a stay of proceedings under Sec. 521 of the Civil Relief Act [50 USC 521]. It was there said with reference to that act: "It was not intended to vest him (appellee here) with juridical weapons of offense which he would not have possessed had he remained a civilian. It was likewise not intended that the statutory shield should be used as a screen behind which to engage in legal maneuvers born of policy or of bad faith. In short, it was intended that the serviceman who applies to the court for a stay of legal proceedings under the act must assert bona fide rights and exercise good faith."

And further it was said: "We find no abuse of discretion in the trial court's denial of defendant's motion for a stay of proceedings. It is undisputed that the jurisdiction of the Minnesota court was first invoked. Defendant admitted such jurisdiction had been acquired when he interposed his answer. In ascertaining whether defendant's military service would materially affect his ability to conduct his defense, the court could consider not only the supporting and opposing affidavits of the parties but also their conduct in the light of all the surrounding circumstances. Despite the statements in defendant's affidavit and in that of his superior officer, to the effect that his military service prevented him from being present at the hearing in

Minnesota on June 21, the court, in the exercise of a sound discretion, could draw an inference to the contrary. First we have defendant's conduct which smacks of bad faith. Only seven days after he knew jurisdiction had been acquired in Minnesota, he started an independent action of his own in Illinois. Thereafter he applied to the Minnesota court for a stay of proceedings under the relief act without disclosing by his affidavits the commencement of the Illinois action. His conduct in applying for a stay of proceedings in his wife's Minnesota action while he at the same time, in another jurisdiction, was prosecuting against her an independent action of his own upon the same issues can only support a conclusion that he was not acting in good faith and that he was seeking to invoke the immunities of the act as a sword for the primary purpose of putting his wife at a burdensome jurisdictional disadvantage."

"Furthermore, the fact that despite his military service he was willing and able to commence an independent divorce action in Illinois, and to attend the hearings in connection therewith, is a basis for a justifiable inference that his military service did not materially affect his ability to conduct his defense in the Minnesota action. The speed of modern transportation leaves little difference in the time necessarily consumed in attending a hearing in Minnesota and in attending a similar hearing in Illinois."

Again the court says: "In the light of defendant's inconsistent conduct in seeking a stay of proceedings in Minnesota and at the same time prosecuting an independent action in Illinois, the court could consider, as corroborative of defendant's bad faith and as evidence of his unimpaired ability to conduct a defense in Minnesota, that he failed to disclose or indicate in any manner when his military service would permit his attendance at the hearing in Minnesota."

507

The judgment of the Minnesota trial court was affirmed.

We have quoted at length from the opinion of the Minnesota Supreme Court merely for the purpose of showing that the motion for a stay of the proceedings was ruled upon by the trial court, and that the Supreme Court held that the action was not arbitrary. This case is reported as Anna P. Luckes v. Clinton E. Luckes, 71 N.W.2d 850.

By virtue of the Illinois Civil Practice Act, Sec. 40(2), Chap. 110, Par. 164, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 104.040], it is provided: "Every allegation, except allegations of damages, not explicitly denied shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief, and shall attach an affidavit of the truth of such statement of want of knowledge, or unless the party has had no opportunity to deny." By virtue of this section under the pleadings the appellee admitted that the Ramsey County District Court first obtained jurisdiction in this case, not only the subject matter but of himself, that his motion for a stay of proceedings was denied and the decree of divorce was duly entered by the Minnesota court on the 21st day of June 1954. Nowhere in this proceeding has the appellee ever questioned the jurisdiction of the Minnesota court to grant the divorce.

The application of appellee for a stay of proceedings in the Minnesota court, supported by the affidavits filed by him, did not have the effect of ousting that court from jurisdiction to hear the complaint. The most that can be said in appellee's favor is that the ruling of the court denying the motion might have been erroneous from which no relief could be had except by appeal therefrom. The decree granting the divorce was a valid one, unless upon appeal, the reviewing court should find that the trial court erred in denying

the motion. The Soldiers' and Sailors' Civil Relief Act expressly provides that the proceedings shall be stayed "unless in the opinion of the court, the ability of the plaintiff to prosecute his action or the defendant to conduct his defense is not materially affected by reason of his military service."

The only inquiry that could be made into the validity of the Minnesota decree must be confined to jurisdictional infirmities which would render the decree void. In the absence of such infirmity the decree of that court must be given full faith and credit in each state (Article 4, Sec. 1, United States Constitution).

In the case of MacDonald v. Dexter, 234 Ill. 517 it is stated: "The main contention in this case is whether or not the questions involved in the decision of the Supreme Court of Missouri . . . are res judicata. The record before us conclusively shows that the parties, subject matter and cause of action in the Missouri litigation were identical with those in this proceeding. This being so, under the general rule the judgment of the Missouri court is conclusive on this hearing. . . . This general rule is admitted by appellant, and he also admits that the judgment or decree of a sister state is entitled to the same credit, validity and effect in every other court of the United States as it enjoys in the state where pronounced, if the court has jurisdiction of the subject matter and of the parties, and that this is the settled practice under section 1 of article 4 of the Federal Constitution."

It appears to us not only should the trial court of Sangamon County have granted appellant's motion and dismissed the complaint, but in view of the state of the pleadings, the trial court had no right to proceed with the trial of the cause and enter a decree in favor of the appellee. The decree of the Circuit Court of Sangamon County is reversed.

Decree reversed.