412 So.2d 461 (1982)
Linda SWARTZ, Appellant,
v.
Neil T. SWARTZ, Appellee.
No. 81-1673.
District Court of Appeal of Florida, Second District.
April 14, 1982.
*462 James V. Lobozzo, Jr., Sebring, for appellant.
Nicholas G. Schommer, Sebring, for appellee.
BOARDMAN, Judge.
Linda Swartz appeals the trial court's order setting aside a prior final judgment of dissolution and granting a rehearing on all matters except the dissolution of marriage itself. The former husband, a serviceman, who was represented by counsel during the dissolution proceeding, contends that he was prejudiced by reason of his being a member of the military service in that he could not be present at the original hearing on the petition for dissolution. However, the husband and his attorney received notice of the hearing and simply failed to appear, and a default judgment was entered against the husband. When a serviceman is prejudiced by reason of his military service, the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 520, provides that the judgment entered against him is voidable. On that basis, the original final judgment was vacated and a new trial ordered.
A review of the record shows that the husband has clearly failed to demonstrate prejudice resulting from his military service and therefore is not entitled to relief from final judgment pursuant to the Soldiers' and Sailors' Civil Relief Act. A key factor in determining prejudice is the diligence with which a serviceman takes advantage of the opportunities to preserve the rights afforded him during the course of the litigation. Robbins v. Robbins, 193 So.2d 471 (Fla. 2d DCA 1967). Here, although the husband received prior notice of each and every step taken in the Florida proceeding, he simply made no effort to preserve his rights at the proper time(s) once he was aware of the ongoing litigation.
In Robbins, the husband was denied the protections of the Civil Relief Act because he failed to abide by a separation agreement regarding child support and custody, then took no action until the wife called the matter up for hearing on her counterclaim. In the case sub judice, the husband knowingly disobeyed the final judgment by retaining custody of his daughter and refusing to return her; moreover, he did not take any legal action until his income was garnished to enforce child support payments.
A serviceman applying for suspension of legal proceedings under the Civil Relief Act must exercise good faith; inexcusable noncompliance with an agreement related to child support and family responsibilities is presumptive evidence of bad faith. Robbins at 473.
The husband here is not entitled to the equitable relief of a hearing because his rights were not prejudicially affected as a result of military service; any disadvantage to him resulted from his own intentional and informed actions. It was not the intent of Congress in passing the Soldiers' and Sailors' Civil Relief Act to protect persons who wilfully disregard court orders.
Accordingly, we REVERSE the trial court's order and REMAND for reinstatement of the original final judgment.
HOBSON, Acting C.J., and DANAHY, J., concur.