URBANA COLLEGE, APPELLEE, *v.* CONWAY, APPELLANT.

(No. 49466 — Decided November 4, 1985.)

*Marc R. Schwartzman,* for appellee.
*Marshman, Snyder & Corrigan* and *Anthony A. Cox,* for appellant.

MARKUS, P.J. The defendant soldier appeals from the denial of his motion to vacate a default judgment, which the plaintiff college obtained more than three years earlier. He complains that the court abused its discretion by denying that motion without an evidentiary hearing. We disagree and affirm the trial court's order.

I

The college filed this action to recover allegedly unpaid tuition fees for extension courses taken by the serviceman. The clerk served the defendant by certified mail at an Arizona address listed on the complaint. Thirty-eight days after someone there signed the postal receipt, the defendant had made no response. Consequently, the plaintiff college filed its motion for a default judgment on September 25, 1981, together with its counsel's affidavit:

"1. He is counsel for Urbana College.

"2. Defendant is presently in the military service of the United States.

"3. Defendant has been aware of his right to counsel pursuant to the Soldier and Sailor Relief Act of 1940 since the beginning of this suit through conversations with plaintiff's counsel.

"4. Defendant has knowingly failed to plead or appear in this action.

"5. Plaintiff has complied with the Soldier and Sailor Relief Act of 1940 and should be granted judgment."

Four days later on September 29, 1981, the court granted the default judgment.

On October 13, 1981, the court received a letter from the defendant which was postmarked in Arizona on October 9. In that letter, which the defendant dated September 25, he said:

"I only recently received your court's summons, as it was mailed to my old duty address and was signed for by another person. Therefore, I was unable to answer within 28 days as outlined. In addition I have been awaiting an answer from Senator Barry Goldwater regarding this matter."

He enclosed a copy of his letter to Senator Goldwater dated September 6, in which he discussed and forwarded a copy of the college's lawsuit. On October 16, 1981, the court journalized its receipt of the defendant's letter as an "[a]nswer out of rule." Nothing further transpired in this case for approximately three years.

On October 10, 1984, counsel for the defendant serviceman filed a motion for relief from the 1981 judgment supported by the defendant's affidavit:

"1. That he is the defendant in [this case].

"2. That at all times material and at present he was and is a Master Sergeant in the U.S. Army.

"3. That affiant was stationed in Arizona at the time suit was brought and at the time judgment was taken.

"4. That affiant informed plaintiff and the court of his military status and of this inability to get to the Parma Municipal Court to defend himself.

"5. That in November 1981 until June 1984 affiant was stationed in Germany and unable to defend himself against the judgment against him.

"6. That affiant has a good and valid defense against plaintiff's claim in that plaintiff caused his loss of V.A. education benefits through plaintiff's negligence and affiant wants his day in court to assert said claim."

Less than a week later, the trial court denied that motion.

II

The defendant waited three years before seeking relief from the default judgment, despite his contemporaneous knowledge of the suit and the resulting judgment. Hence, Ohio procedural law affords him no remedy. Civ. R. 60(B) required him to file his motion within a "reasonable time," and within no more

than one year in most situations. See *Mt. Olive Baptist Church* v. *Pipkin Paints* (1979), 64 Ohio App. 2d 285, 289 [18 O.O. 3d 319] (in the absence of evidence justifying the delay, a motion for relief from judgment is untimely on its face if filed more than four months after the judgment and more than seven months after actual notice of the lawsuit).

Instead, the defendant apparently relies on the federal statute which governs action against servicemen (Section 520, Title 50 Appx., U.S. Code):

"(1) In any action or proceeding commenced in any court, if there be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. * * *

"* * *

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court

rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. * * *"

Ohio courts must enforce the Soldiers' and Sailors' Civil Relief Act to provide service personnel with its safeguards. *State, ex rel. Bartlett,* v. *Schneider* (C.P. 1944), 40 Ohio Law Abs. 112, 113; *Willson* v. *Willson* (Dom. Rel. 1944), 40 Ohio Law Abs. 281; cf. *Coburn* v. *Coburn* (Fla. App. 1982), 412 So.2d 947.

In this case, the serviceman correctly asserts that the trial court failed to comply by providing him with counsel before granting an adverse default judgment. Section 520(1), Title 50 Appx., U.S. Code; cf. *In re Realty Assoc. Securities Corp.* (E.D.N.Y. 1944), 53 F.Supp. 1015, 1016. Thus, the serviceman could obtain relief from that judgment by invoking procedures established in the remaining provisions of that statute. Section 520(4), Title 50 Appx., U.S. Code; cf. *Rentfrow* v. *Wilson* (D.C. App. 1965), 213 A.2d 295, 296; *Swartz* v. *Swartz* (Fla. App. 1982), 412 So.2d 461, 462.

Like Ohio's Civ. R. 60(B), the federal statute requires the party seeking to avoid a judgment to demonstrate "a meritorious or legal defense." Section 520(4), Title 50 Appx., U.S. Code. Compare *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O. 3d 86], paragraph two of the syllabus, with *Thompson* v. *Lowman* (1958), 108 Ohio App. 453, 456 [9 O.O. 2d 407].

By Ohio procedural law, the movant must demonstrate the alleged defense with an affidavit or equivalent evidentiary materials. *East Ohio Gas. Co.* v. *Walker* (1978), 59 Ohio App. 2d 216, 221 [13 O.O. 3d 234]; *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223, 229 [10 O.O. 3d 227]. Counsel's

briefs do not constitute evidentiary materials, and the evidence must assert operative facts rather than mere conclusions. *Id.; Royal American Mgt. Corp.* v. *Pro-Data Corp.* (Jan. 31, 1985), Cuyahoga App. No. 48455, unreported. The serviceman must comply with Ohio procedures to invoke his federal rights in an Ohio court unless those procedures contravene the federal rights.

This serviceman's evidentiary material failed to demonstrate a meritorious or legal defense. The only part of his affidavit which addresses a possible defense to the college's claim for unpaid tuition asserts:

"6. That affiant has a good and valid defense against plaintiff's claim in that plaintiff caused his loss of V.A. education benefits through plaintiff's negligence * * *."

Those allegations describe a counterclaim, rather than a defense to the college's claim. They do not deny or assert a legally cognizable affirmative defense to the allegations in the college's complaint:

"1. Defendant enrolled in and completed course at Urbana College - Extension Program * * *.

"2. Defendant owes plaintiff $2010.00 according to the account annexed as Exhibit A."

Neither Ohio nor federal law provides relief from a judgment in order to assert an independent claim, even though it may arise from the same transaction. The serviceman failed to justify reopening a judgment on a claim he apparently could not challenge. Neither he nor the judicial system benefits from a trial about an undisputed debt. The default judgment on the college's claim does not preclude the serviceman from separately asserting his counterclaim for the college's alleged negligence. Cf. *Sapp* v. *Azar* (1977), 53 Ohio App. 2d 277 [7 O.O. 3d 332]; Annotation (1961), 77 A.L.R.2d 1410, 1430. Hence, this serviceman did not properly invoke either Ohio or federal procedures which required the trial court to vacate its prior judgment.

We overrule the defendant's single assignment of error and affirm the trial court's order.[1]

*Judgment affirmed.*

PRYATEL and KRUPANSKY, JJ., concur.

---

[1] The serviceman filed a motion in this court "To Require Release Of College Transcript," which the college opposes by asserting an alleged lien. We have no jurisdiction to consider that request for an independent remedy. We can only determine whether the trial court erred by denying the serviceman's motion for relief from the default judgment. He might seek this additional redress in an appropriate court, but we must deny his motion here.