Defendant-appellant, Dale Jean Wilson, appeals a decision of the Washington Court House Municipal Court denying her motion for relief from judgment pursuant to Civ.R. 60(B). We affirm.
Plaintiffs-appellees, Scott N. Chapman and Karen L. Chapman, purchased a home from appellant, closing on January 10, 1997. Appellant was given thirty days to remove property from the home. On or about January 18, 1997, the fuel oil which appellant had purchased was exhausted and water pipes burst, causing damage throughout the home. Plaintiff-appellee, State Farm Fire 
Casualty Company, paid a total of $8,459.04 to repair the home. The Chapmans paid a $250 deductible. Appellees then filed suit against appellant, alleging negligence. Appellant was duly served and contacted her attorneys, but did not answer the suit. Following notice to appellant, a default judgment was entered against her on December 31, 1997.
On March 31, 1998, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant included an affidavit, stating that she had "a good defense to the claim in that she was contacted after closing by [appellees] or their agents and advised them to purchase additional fuel oil; and in that [appellees] had constructive possession of the premises prior to the damages." The trial court overruled appellant's motion finding that she had failed to submit sufficient evidentiary material to justify relief in that "no contract was introduced showing that [appellees] were responsible for the purchase of additional fuel oil."
Appellant timely filed this appeal raising one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HER MOTION TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST HER.
To prevail on a motion brought under Civ.R. 60(B), appellant must demonstrate that (1) she has a meritorious defense or claim to present to the court if relief is granted, (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and (3) the motion is made within the time provided by the Rule. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any of the three requirements are not met, the motion should be denied. Id. at 151. A Civ.R. 60(B) motion is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed by a reviewing court absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion involves more than an error in judgment by the trial court; it connotes an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The movant must demonstrate the alleged defense with an affidavit or equivalent evidentiary materials. Urbana College v. Conway (1985), 29 Ohio App.3d 13. The evidence must assert operative facts rather than conclusions. Id. If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion. Springer v. Stallworth (1978),56 Ohio App.2d 223.
Appellant's affidavit contained only meager and limited facts. The closing documents presumably contained relevant provisions concerning the risk of loss during the thirty day period. Appellant merely claimed that she advised appellees to purchase fuel oil. She did not indicate that appellees assumed responsibility for the premises while appellant had possession. Appellant's brief now specifies additional facts in support of her defense. We are of course limited in our review to the facts presented to the trial court. We cannot find that the court abused its discretion under these circumstances. An abuse of discretion is established only where no reasonable person could agree with the trial court; if reasonable persons could differ as to the propriety of the court's action, no abuse of discretion has been shown. Hunsicker v. Hunsicker (Sept. 26, 1990), Summit App. No. 14606, unreported. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.