ANTONIO ESPOSITO *v.* ELIZABETH SCHILLE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 6—decided December 21, 1944.

*Charles G. Albom,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellants (defendants).

*Louis Feinmark,* with whom was *John A. Mele,* for the appellee (plaintiff).

ELLS, J. The defendant Raymond Esposito, whom we shall hereafter refer to as the defendant, was in the armed forces of the United States when this action of replevin was instituted. He was serving overseas when the trial court denied motions for a stay and a continuance, proceeded with the trial and rendered judgment against the defendants. The claim made in the appeal taken in his behalf is that he has been deprived of rights given him by the Soldiers' and Sailors' Civil Relief Act of 1940.

The Congress declared the purpose of the act to be to suspend enforcement of civil liabilities, in certain

cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the nation, and said that "to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified." 54 Stat. at Large, p. 1179, § 100; 50 U. S. C., Appendix, § 510. A later section of this act deals with conditions under which a stay of proceedings will be allowed and provides, in so far as it affects the facts of the instant case, that "At any stage thereof any action or proceeding in any court in which a person in military service is involved . . . shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of . . . the defendant to conduct his defense is not materially affected by reason of his military service." 54 Stat. at Large, p. 1181, § 201; 50 U. S. C., Appendix, § 521. The Supreme Court of the United States has decided: (1) The act cannot be construed to require continuance on mere showing that the defendant is in the military service; (2) judicial discretion conferred on the trial court instead of rigid and undiscriminating suspension of civil proceedings is the very heart of the policy of the act; (3) this discretion includes a discretion as to whom the court may ask to come forward with facts needful to a fair judgment; (4) the act does not expressly require findings; it requires only that the court be of opinion that ability to defend is not materially affected by military service. *Boone* v. *Lightner,* 319 U. S. 561, 63 Sup. Ct. 1223.

At this point we digress to consider whether subdivision (4) above means that, if the court is of that opinion, it is conclusive, regardless of the reasons for

it. This is not the real meaning, for the court immediately goes on to say (p. 572): "The final question is whether the evidence sufficiently supports the opinion or whether the order constitutes an abuse of discretion."

The opinion closes with this final statement (p. 575): "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use."

We proceed to apply these principles of law to the circumstances of the present case. The facts, in so far as they appear in the record, are these: The complaint alleges that the plaintiff is the owner and entitled to the possession of specified household articles of the value of $1000 which the defendants took from his possession and are wrongfully detaining. The writ commands the sheriff to cause the goods to be replevied forthwith. The officer made return that he had replevied certain articles but could not find the others. No appearance was entered for the defendant and, after the return day, upon motion by the plaintiff representing that the defendant was serving in the armed forces of the United States and that storage charges were running against the goods, an attorney was appointed to represent him. The attorney filed various pleadings which finally resulted in a general denial and

a closing of the pleadings on October 8, 1943. On January 18, 1944, he filed a motion for a stay of the proceedings, representing that the defendant had a good defense and that his presence was necessary to establish it, that he could not be located and was probably overseas, that the plaintiff was pressing the case for trial, and that justice required a stay of proceedings. On February 1, he represented in writing that he had received a letter from the defendant showing he was overseas, in England, and was interested in contesting the case. On February 4, the court denied the motion without assigning any reason therefor. On February 15, the attorney filed a motion for continuance in which he recited the history of the pleadings and repeated the representations made in the motion for a stay, with the additional allegation that the defendant had indicated a desire to be heard by deposition. He asked for a continuance so that a deposition could be taken. The court denied this motion on May 16, without memorandum.

Three weeks later the court proceeded to try the case and to render judgment. In its memorandum of decision it stated that the case could have been tried since April 13, 1943, that it had been represented to the court that the defendant was home on furlough on two occasions when the case could have been tried but that his counsel were otherwise engaged, that there had been ample opportunity to take the defendant's deposition in this country and abroad since April 13, 1943, but no effort to do so was made, and that since February 4, 1944, no effort had been made to take one. It concluded that no further delay was warranted.

It was the plaintiff himself who did not close the pleadings until October 8, 1943. Neither the defendant nor his attorney had any way of telling prior to February 4, 1944, that the court would not grant a

stay. It is difficult to believe that between the time when the motion for a continuance for the purpose of taking a deposition was denied and the trial three weeks later there was a reasonable opportunity to take his deposition. He was in England on the eve of invasion. The compulsion of such an event required him to devote his entire energy to the service of his country; then, more than at almost any other time imaginable, the Civil Relief Act should protect him and the country for which he fought. There appears no sound reason for the court's action in the reasons advanced by it or in any of the circumstances contained in the record. This is not one of the "few cases" mentioned in *Boone* v. *Lightner,* supra, where "absence may be a policy, instead of the result of military service." "Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial." The circumstances of the present case did not warrant the court in finding that the absence was not prejudicial. The mere fact that delay had ensued was not enough to make it otherwise.

We are not unsympathetic to the trial court's attitude that the trial of a case must not be unduly prolonged because of a defendant's absence in the service. However, the act must be liberally construed in effectuation of its declared purpose, and we decide, under the circumstances of this case, that the court abused the discretion vested in it.

In *Boone* v. *Lightner,* supra, the court also considered the nature and circumstances of the case, and the kind of harm which the defendant might suffer by a trial in his absence. In that case those considerations made it almost necessary to decide that the defendant was using the act as a sword, and not as a shield against wrongdoing. In the present case, there is no finding of facts as to what happened at the various

hearings. The record contains only the pleadings, the memorandum of decision and the judgment. Both parties have gone far afield, in their briefs and in oral argument, in attempting to relate what happened, and why, and their views are widely divergent. This is especially true as to the question of the pressing need of a trial and the harm which would come to the defendant. As the facts so alleged are not in the record, we must disregard them. As to the goods which the officer caused to be replevied, as shown in his return, no harm, such as the running of storage charge, is apparent.

As to the state of the record, we observe that the ordinary rules governing a continuance are not necessarily applicable in a case under the terms of the Soldiers' and Sailors' Civil Relief Act. "Very likely the only showing that can be made to the trial court will be the statement, or affidavit based upon information and belief, of the soldier's lawyer or other representative. He may be in a distant land . . . and not able to communicate satisfactorily with those at home. Before compelling a trial, the court should be reasonably certain that the rights of the absent soldier are not prejudiced by the fact of his absence. The discretion of the trial court is great, but his opinion must be based on some character of showing made to him." *Burke* v. *Hyde Corporation,* (Tex. Civ. App.) 173 S. W. (2d) 364, 366, a case which was decided since the decision in *Boone* v. *Lightner,* supra, and which considers the effect of that decision; see also *In re Adoption of a Minor,* 136 Fed. (2d) 790, and *Johnson* v. *Johnson,* 59 Cal. App. (2d) 375, 381, 139 Pac. (2d) 33, which discuss *Boone* v. *Lightner.* It is at least desirable, under our procedure, that the court make a finding of the facts upon which it based its opinion. See *In re Adoption of a Minor,* supra, 792.

The motion for continuance filed in behalf of the defendant should be granted and a stay ordered as provided in the act. 54 Stat. at Large, p. 1181, § 204, 50 U.S.C., Appendix, § 524. There is no need to consider the motion of the defendant Schille for a continuance.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.