B<small>RUCE</small> W<small>AYNE</small> L<small>ACKEY</small>

v.

S<small>HIRLEY</small> A<small>NN</small> E<small>BERT</small> L<small>ACKEY</small>

June 12, 1981.

Record No. 791270.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*Royce Lee Givens, Jr. (Avelina S. Belardi; Givens & Belardi, Ltd.,* on briefs), for appellant.

*Roy J. Bucholtz (Harold O. Miller,* on brief), for appellee.

PER CURIAM.

The sole question presented for our review is whether the trial court erred in refusing to grant a military serviceman a stay in custody proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 501, *et seq.*[1]

When Bruce Wayne Lackey and Shirley Ann Ebert Lackey were divorced in 1976, custody of their child, Thomas Joseph Lackey, was awarded to the husband. Shortly thereafter, on Lackey's petition, the juvenile and domestic relations court granted him permission to place his son in the custody of his parents while he was serving in the United States Navy.

In September 1977, Mrs. Lackey petitioned the trial court for custody of her son. In October 1978, Lackey moved for a continuance of a hearing set for November 13, 1978. In that motion, he alleged that he was serving in the Navy on board the U.S.S. DECATUR, that the ship would not return to its home port in California until April of 1979, and that his military duties precluded

---

[1] After careful consideration of the appellee's motion to dismiss, we conclude that the motion should be denied. Contrary to the appellee's assertion, the petition for appeal was timely filed. That the notice of appeal was received prior to the entry of the final order, which reflected a decision made almost two months prior to its entry, likewise does not preclude our review.

him from returning earlier. In support of his motion, Lackey subsequently filed an affidavit in which he stated he was then in military service, and an affidavit of Lieutenant Commander Brian W. Young, an officer on the DECATUR, averring that Lackey was serving on that ship and was unable to leave the ship because of his military duties. Young took his own acknowledgment to his affidavit. The court, concluding there was insufficient evidence that Lackey could not be present, held an evidentiary hearing on the merits of Mrs. Lackey's petition on December 7, 1978.

Shortly after the evidentiary hearing, Lieutenant Commander Young executed an affidavit, which he acknowledged before another officer twenty days later, again stating that Lackey was serving on board the DECATUR and that his military duties precluded him from leaving the ship. After the filing of the corrected affidavit, the trial court held another hearing on March 30, 1979, and ruled that Mrs. Lackey was entitled to the custody of her son. Lackey has appealed the order entered on May 24, 1979, awarding custody to her.

The applicable statute, 50 U.S.C. App. § 521,[2] authorizes a trial court, on its own motion, to grant a stay to those in military service and mandates the granting of such a stay, upon an application by one in military service, "unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." In the only Supreme Court decision interpreting this statute, the Court upheld the denial of a stay to a serviceman who was assigned to a job in Washington, D.C., and who was a party to litigation in North Carolina. *Boone* v. *Lightner,* 319 U.S. 561 (1943). While not holding that stays were automatic, *id.* at 565-69, the Court stated that, upon a serviceman's application for a stay, a trial court cannot deny a stay unless "the court be of opinion that [a defendant's] ability to defend is not materially affected by military service." *Id.* at 571. Treating

---

[2] 50 U.S.C. App. § 521 provides:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

as such a finding the trial court's statement that the defendant's military service had been the excuse for (not the cause of) his absence, the Court found the evidence supported the conclusion that the defendant's ability to defend had not been materially affected by military service. Consequently, the *Boone* Court reasoned, the stay had been properly denied.

In *Williams* v. *Williams,* 184 Va. 124, 34 S.E.2d 378 (1945), a decision resting substantially upon an analysis of *Boone,* we held that a serviceman stationed in Iceland was wrongfully denied a stay of proceedings concerning his wife's motion to set aside a divorce decree she alleged he had fraudulently procured.

Having reviewed the affidavits submitted by Lackey, we conclude that the trial court erred in denying him a continuance. The affidavits revealed that Lackey was serving on board a Navy ship on sea duty and was unable to leave the ship. We hold that the affidavits sufficiently established that Lackey's military service precluded him from being present and from participating in his defense. His inability to be present and to participate in his defense undoubtedly affected his ability to defend Mrs. Lackey's petition for a permanent change in custody.

Accordingly, we will reverse the judgment of the trial court and remand the case for a new hearing on Mrs. Lackey's petition for a change in custody.

*Reversed and remanded.*