412 So.2d 947 (1982)
Sidney Francis COBURN, Appellant,
v.
Ruth Lindberg COBURN, Appellee.
No. 81-1932.
District Court of Appeal of Florida, Third District.
April 20, 1982.
*948 David Paul Horan and Mark H. Kelly, Key West, for appellant.
Randy Ludacer, Key West, for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The issue on appeal is whether the trial court abused its discretion in denying to appellant, a serviceman stationed outside the continental United States, a continuance of the final hearing on his wife's complaint for dissolution of a marriage. We affirm in part and reverse in part.
The parties were married in 1964 in the state of Connecticut and moved to Florida in March of 1976 with their two minor children when appellant-husband, a United States serviceman, was assigned to the Key West military base. They lived there continuously until appellant was transferred to Europe in March of 1979. Appellee-wife and children went with him to Germany to reside until his European tour was completed. In January, 1980 appellee-wife left appellant and the children in Germany and returned to Connecticut. She remained there until March, 1980. In March, 1980 she returned to Florida and filed this action for dissolution of the marriage seeking custody of the children, alimony, attorney's fees and costs. Appellant wrote a letter dated March 27, 1980 to his wife's attorney, filing a copy with the court, to the effect that the divorce was contested and that he wanted to be heard in defense of himself and the children. A letter from the Army's Staff Judge Advocate office addressed to the court dated March 27, 1980 and filed April 9, 1980, requested a stay of proceedings on behalf of appellant "pursuant to Section 201 of the Soldiers and Sailors Civil Relief Act of 1940 (50 U.S.C.App. 421)", (sic), for the reason that appellant was unable to afford round trip tickets to Key West for himself and the children, and that his military duties would not permit him to make the trip.
On motion of appellee, the court, on April 15, 1980, appointed William Kuypers guardian ad litem to represent appellant's interests. Months later Kuypers filed a motion to withdraw on conflict of interest grounds and was permitted to do so by court order dated November 18, 1980. Mark Kelly was appointed successor attorney ad litem the following day. Kelly filed a motion to stay proceedings until March, 1982, the month appellant would be returning to the United States. On March, 24, 1981 the court denied the motion to stay proceedings, without findings, and by the same order granted appellee leave to file an amended complaint. Final hearing was scheduled for the month of June, 1981. By stipulation the final hearing was rescheduled to July 23, 1981 and was heard without appellant's presence  though Kelly appeared as attorney ad litem.
By final judgment recorded July 24, 1981, the court ordered (1) award of permanent custody of the children to appellee and ordered appellant to return them to Key West, Florida no later than one week prior to the commencement of the fall school *949 year, (2) payment by appellant of attorney's fee to appellee's attorney and to the attorney ad litem, (3) payment by appellant of $200.00 per month as child support. Appeal is taken from that judgment.
The statute relied upon by Appellant, 50 U.S.C.A.App. § 521, provides:
At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, ... unless in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.
There is a dearth of Florida cases construing this federal act even though many cases are to be found from other jurisdictions, state and federal. The Florida cases are in accord that the act should be construed liberally in the soldier's favor. DeLoach v. Calihan, 158 Fla. 639, 30 So.2d 910 (1947); Shayne v. Burke, 158 Fla. 61, 27 So.2d 751 (1946); Clements v. McLeod, 155 Fla. 860, 22 So.2d 220 (1945); Robbins v. Robbins, 193 So.2d 471 (Fla. 2d DCA 1967). The overwhelming majority of the cases of other jurisdictions, particularly the more recent ones, hold that a court in denying a stay of proceedings under the Act should make findings that the soldier's ability to defend is not materially affected by military service, Esposito v. Schille, 131 Conn. 449, 40 A.2d 745 (1944), and that in the absence of such findings entry of judgment against the serviceman is improper. Stringfellow v. Whichelo, 102 R.I. 426, 230 A.2d 858 (1967); Mays v. Tharpe & Brooks, Inc., 143 Ga. App. 815, 240 S.E.2d 159 (1977); Mathis v. Mathis, 236 So.2d 755 (Miss. 1970). A Virginia court, applying the statute very rigidly, recently held that in a proceeding on a former wife's petition for custody of a son, the father, whose military service precluded him from being present, was entitled to a stay pursuant to the Act. Lackey v. Lackey, 222 Va. 49, 278 S.E.2d 811 (1981).
It is clear from a reading of the statute, and is supported by most of the cases, that the burden is on the party who opposes postponement of a trial because of military absence to show that the serviceman's ability to conduct a defense is not materially affected, and that unless the trial court expressly finds as a matter of discretion that the serviceman is not hampered by his absence, and such findings are supported by the record, then postponement is mandatory. Pacific Greyhound Lines v. Superior Court of City and County of San Francisco, 28 Cal.2d 61, 168 P.2d 665 (1946) (en banc).
It is clear from the record that appellant was not opposed to a dissolution, and in his behalf the attorney ad litem stipulated to bifurcation of that issue from the other issues of custody, support, fees, and costs. The record is devoid of any evidence tending to show that appellant would not be disadvantaged in the proceedings by his military absence, particularly on the issue of custody, which was the emotional subject of several letters to the court.
This section allows a postponement only until such time as a defendant is unhampered by his military service to defend the action, Register v. Bourquin, 203 La. 825, 14 So.2d 673 (1943); Royster v. Lederle, 128 F.2d 197 (6th Cir.1942). In this case appellant requested that the hearing on child custody aspects of the proceedings be delayed for eight months until he could return to the country. The fact of a delay in concluding litigation resulting from absence in military service does not justify denial of the statutory stay so long as there is the likelihood of injury to the civil rights of one in the armed services. See, e.g., Esposito v. Schille, supra.
We affirm that part of the judgment dissolving the marriage but for the reasons stated herein hold that the court abused its discretion in denying postponement of the proceedings as to the award of *950 permanent custody of the children to the wife, permanent support, attorney's fees and costs. We find the other issues raised to be without merit.
Affirmed in part, reversed in part and remanded for further consistent proceedings.