## Plessinger v. Mattocks

*Craig A. Stone,* for plaintiff.
*George C. Werner,* for defendant.

PEREZOUS, *J.,* April 24, 1985—Before the court is the petition of defendant Jeff Mattocks for stay of proceedings under the Civil Relief Act of 1940, 50 U.S.C. App. §521.

This action arises out of an automobile accident in which plaintiff Beth Ann Plessinger was a passenger in a car operated by defendant and was injured when the vehicle left the roadway and struck a small bridge and marker pole.

The pertinent section of the act provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is in-

volved, either as plaintiff or defendant, during the period of such service or within 60 days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 U.S.C. App. §521.

Defendant's petition avers that he is a member of the United States Air Force currently stationed at Chanute Air Force Base in Illinois, following which he will be assigned to another Air Force base, possibly outside the continental United States. He asserts that his ability to conduct his defense in this action is materially affected by reason of his military service and requests a stay in this action pursuant to the act. Defendant submits that while certain portions of discovery can proceed without his presence, specifically, the deposition of plaintiff and the medical examination of her, beyond such discovery investigation and preparation of the case for trial becomes impossible inasmuch as depending upon what develops at the disposition of plaintiff, it will be necessary to discuss the matter with defendant, perhaps leading to additional depositions. Defendant also asserts that the local procedure for scheduling civil trials creates a difficult burden since, if the case were allowed to proceed, it would be placed upon a trial list without a date certain. He contends that without knowing at this point the tentative trial date and without knowing where he will be stationed at that time, it is impossible to say whether or not he could even request leave and, assuming that leave could be arranged, a problem develops because he would be required to return to the area be-

fore trial week to prepare for the trial without being certain that the matter would proceed to trial.

While each party cites authority for the proposition that the burden of proof is on the other,[*] the United States Supreme Court in Boone v. Lightner, 319 U.S. 561 (1943), stated that:

"The act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come." Id., 319 U.S. at 569.

The court in Boone also stated that:

"The act cannot be construed to require continuance on mere showing that the defendant was . . . in the military service. Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says: 'Unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.' " Id., 319 U.S. at 565.

---

[*]See Coburn v. Cuburn, 412 So. 2d 947 (Fla. App. 3d Dist., 1982), placing the burden on the party opposing the postponement of trial to show that the serviceman's ability to conduct his defense is not materially affected and Norris v. Superior Court of Mohave County, 481 P. 2d 553 (Ariz. App. 1971), placing a burden on the party requesting the stay to make a showing of his actual unavailability and that his rights would be adversely affected because of his absence from the trial.

Regardless of whom the burden is upon, we are persuaded by plaintiff's argument that the case can proceed at this point without any prejudice incurred by defendant. The case involved a relatively uncomplicated one-car accident. Any pretrial consultation with defendant can be accomplished by use of the telephone. Also, discovery can be obtained by either interrogatories directed to defendant's military station or depositions taken when defendant is able to meet with counsel. Furthermore, taking into account defendant's situation, this court can set a date certain on which the trial will commence, as well as grant a liberal amount of time to conduct discovery. As plaintiff argues, defendant submits only hypothetical situations which might prejudice him and does not contend that he is currently prejudiced by his being in the military service. Should a situation arise where defendant would be prejudiced by proceeding with this case, defendant can again petition for a stay based upon such prejudice. However, as the ability of defendant to conduct his defense at this stage of the proceedings is not materially affected by reason of his military service, defendant's petition to stay will be dismissed.

Accordingly, we enter the following

## ORDER

And now, April 24, 1985, for reasons set forth in the attached opinion, defendant's petition for stay of proceedings under the Civil Relief Act of 1940 is dismissed and the case shall proceed.