OLSEN, Appellee,

v.

OLSEN et al., Appellants.

[Cite as *Olsen v. Olsen* (1993), 87 Ohio App.3d 12.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62211.

Decided April 5, 1993.

*Armstrong, Gordon, Mitchell & Damiani, Louis C. Damiani* and *Bruce A. Zaccagnini,* for appellee.

*Koblentz & Koblentz, Richard S. Koblentz, Tina E. Wecksler* and *Rachel Mayer Harley,* for appellants.

SPELLACY, Judge.

Defendant-appellant Rynn Barrington Olsen ("appellant") appeals the trial court's judgment entry that he pay $1,144 per month as alimony and the trial court's ruling vacating a stay of proceedings granted pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940.

Appellant raises the following assignment of error on appeal:

"The trial court erred and abused its discretion in vacating the stay of all proceedings granted pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940."

Finding the assignment of error to have merit, we reverse.

## I

Appellant and Ashley Welles Olsen were married on November 5, 1977 in North Carolina. The couple separated in 1980. Ashley Welles Olsen alleges that appellant erroneously led her to believe he obtained a divorce in 1981, and, in reliance on this belief, she remarried in 1985. Ashley Welles Olsen filed for divorce from appellant in Ohio on June 5, 1990, two months after learning she was not divorced from appellant.

At the time Ashley Welles Olsen filed her suit in Ohio, appellant, a Lieutenant Commander in the United States Navy, was en route to Australia where he was stationed during the pendency and determination of the action. The Ohio court entered a default judgment in favor of Ashley Welles Olsen on August 29, 1990, awarding her $1,144 per month as alimony and a portion of appellant's retirement benefits.

Appellant had applied for a dissolution in Australia. The Family Court of Australia granted the dissolution on August 31, 1990.

On April 15, 1991, appellant filed several motions with the Ohio trial court asking for relief from judgment, a stay of execution and restraining orders, and to add the Cuyahoga Support Enforcement Agency ("the agency") as a new party defendant. The trial court granted the stay and added the agency as a defendant. Ashley Welles Olsen appealed these orders to this court in case No. 61687. The appeal was dismissed for lack of a final appealable order.

Appellant filed a motion to stay all proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 after his attorney was served with a notice of deposition *duces tecum* requiring his attendance at a deposition and to produce documents in Cleveland at a time appellant was stationed in the Persian Gulf. The motion was granted on June 21, 1991.

On July 9, 1991, the trial court ordered appellant to pay $1,144 to the agency which was to hold the money until a final determination was made on the motion to vacate. On July 11, 1991, the trial court vacated the stay of proceedings instituted on June 21. Appellant filed a notice of appeal on August 2, 1991.

II

In his assignment of error, appellant contends that the trial court abused its discretion by vacating the stay of all proceedings granted pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 ("the Act").

Section 510, Title 50 App., U.S. Code states:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act [sections 501 to 591 of this Appendix] remains in force."

Proceedings may be stayed under Section 521, which provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court

in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

In *Boone v. Lightner* (1943), 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587, the Supreme Court held that a stay of proceedings under the Act is not a matter of absolute right but lies within the discretion of the court. The court further stated:

"The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudiced is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the court to see that the immunities of the Act are not put to such unworthy use." *Id.* at 575, 63 S.Ct. at 1231, 87 L.Ed. at 1596.

Ohio courts have recognized that the stay is not automatic but is within the trial court's discretion to grant or deny. *Nurse v. Portis* (1987), 36 Ohio App.3d 60, 520 N.E.2d 1372, paragraph one of the syllabus. This court has held that Ohio courts must enforce the Act to provide service personnel with its safeguards. *Urbana College v. Conway* (1985), 29 Ohio App.3d 13, 29 OBR 14, 502 N.E.2d 675, paragraph one of the syllabus.

In *Coburn v. Coburn* (Fla.1982), 412 So.2d 947, the court held that it was improper to deny a motion to stay proceedings without findings by the court that the soldier's ability to defend is not materially affected by military duties. A court should be "reasonably certain that the rights of the absent soldier are not prejudiced by the fact of his absence. The discretion of the trial court is great, but his opinion must be based upon some character of showing made to him." *Esposito v. Schille* (1944), 131 Conn. 449, 40 A.2d 745. The refusal of a stay of proceedings pursuant to the Act, in essence, denies the movant his day in court. *Semler v. Oertwig* (1943), 234 Iowa 233, 12 N.W.2d 265.

"A substantial right of a party to litigation is to be present at the trial and render assistance to his counsel as the developments unfold. Consequently, unless it is a situation in which no harm could accrue by reason of his absence, generally recognized as an exception in the statute, a member of the military service is entitled as of right to the stay. A person in the military service is entitled as a matter of law to a stay of a proceeding against him in any case to

which that statute (50 U.S.C.App. section 521) is applicable, upon his bare application stating that he is at the time actively in the military service; and unless something appears sufficient to show that his rights, as a litigant, will not be materially affected by a determination of the pending litigation, it is mandatory that the application be granted." *Mays v. Tharpe & Brooks, Inc.* (1977), 143 Ga.App. 815, 240 S.E.2d 159.

In the instant case, the trial court vacated the earlier stay of the proceedings without making any findings as to why the action should not be stayed under the Act. The trial court was aware that appellant was stationed in the Persian Gulf and unable to obtain leave to attend any proceedings. It may well be that the trial court had valid reasons for finding that either the appellant's rights would not be materially affected or that appellant's actions had not been in good faith. However, it is impossible to determine from the record without findings of fact from the trial court. Keeping in mind that the Act must be enforced to provide service personnel with its safeguards, the motion to stay should not be denied without either requisite findings of fact or sufficient evidence in the record to warrant denial.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

DYKE, C.J., and BLACKMON, J., concur.