DONNER, AMY STEELE, Associate Judge.
Appellant, Sheila King-Coleman, pursuant to Rule 9.110(a)(1), Florida Rules of Appellate Procedure, appeals a final judgment entered on January 13, 2000, that denied her request for a continuance and awarded her former husband, Larry Geathers, appellee, attorney’s fees and costs and a reimbursement for child support paid while their minor child lived with appellant abroad. This court has jurisdiction pursuant to Rule 9.030(b)(1), Florida Rules of Appellate Procedure.
Appellant holds the grade of Lieutenant Colonel in the United States Air Force (“USAF”). Appellant’s commanding officer, Colonel Clark P. Wigley, USAF, asked for a stay in the proceedings until December, 1999, pursuant to the Soldiers’ and Sailors’ Civil Relief Act of 1940, 50 App. U.S.C.A, § 521 (“Act”) by letter dated September 6,1999.
On September 20, 1999, appellant’s counsel filed a motion to appear via telephone and/or continue the matter. On September 29, 1999, the trial court scheduled the matter for trial on December 3, 1999, denied appellant’s motion to appear by telephone and ordered appellant to be present for said hearing. On November 16, 1999, appellant requested another continuance until the year 2000 until she, as a member of the armed forces stationed abroad, and her witness could be available. In her motion, appellant stated that she attached an affidavit explaining the complications and difficulties that arose and precluded her from attending the hearing. The affidavit, however, was not in the record. The trial court held a hearing on the motion on December 8, 1999. On December 9, 1999, appellant filed another motion to continue and/or bifurcate the support issues until the year 2000. She again asserted that she attached an affidavit explaining the circumstances that precluded her from attending in December, 1999 and stated that she could come to Florida for the trial 60 days later. Colonel Wigley’s letter did declare that: appellant’s pres *1094 ence was vital to the military commitments of her command; appellant needed time to reacquire leave which she previously exhausted while helping her daughter settle into and enroll in a state university; and appellant needed time to retain an attorney. The trial court denied appellant’s request on December 15, 1999. The trial court, however, did not set forth any findings that appellant was not materially affected by military service. The hearing was held without appellant’s presence and the trial court awarded appellee attorney’s fees and costs to enforce a property settlement agreement and the child support he paid to appellant while she had custody of the child in Europe.
Appellant contends that the trial court abused its discretion when it refused to continue the final hearing until she, as a member of the United States military, and her witness could be available. We agree.
[T]he Act vests discretion in trial courts to grant or deny a stay of the proceedings, depending upon whether or not the serviceman’s ability to prosecute or defend the action is “materially affected” by reason of his military service. This necessarily involves an element of prejudice, which is essential to the granting of a stay. In this latter regard, the courts have considered and weighed the nature of the case, the issues involved, the extent to which his rights may or may not be “materially affected” by his absence, his availability at trial and the diligence with which he takes advantage of the opportunities to preserve his rights that might have been afforded him during the course of the litigation, in determining whether or not he will be prejudiced by the denial of a stay.
Robbins v. Robbins, 193 So.2d 471, 473 (Fla. 2d DCA 1967) (italics and footnotes omitted). See Cadieux v. Cadieux, 75 So.2d 700 (Fla.1954); Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). “[A] court in denying a stay of proceedings under the Act should make findings that the soldier’s ability to defend is not materially affected by military service and that in the absence of such findings entry of judgment against the serviceman is improper.” Coburn v. Coburn, 412 So.2d 947, 949 (Fla. 3d DCA 1982) (citation omitted). Additionally, “unless the trial court expressly finds as a matter of discretion that the serviceman is not hampered by his absence, and such findings are supported by the record, then postponement is mandatory.” Id.
In this instance, the trial court did not enter any specific findings in its order denying appellant’s motion for a continuance which would reflect that appellant was not materially affected by her absence which was due to her military service. Accordingly, we reverse the trial court’s denial of appellant’s motion for a continuance and the award to appellee of attorney’s fees and costs and a reimbursement for child support. We remand this matter for further proceedings consistent herewith.
REVERSED and REMANDED.
POLEN, C.J., and GUNTHER, J., concur.