OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Respondent-Appellant, Lance Day, appeals the decision of the Belmont County Court of Common Pleas, Domestic Relations Division overruling his objections to a magistrate's decision setting his child support obligations to Petitioner-Appellee, Diane Day, concerning the couple's minor children. The issues before us are whether the trial court abused its discretion when it refused to deviate from the child support guidelines, when it made the modification of child support effective October 1, 2000, and whether it erred in considering an issue Lance thought should be stayed pursuant to the Soldiers' and Sailors' Relief Act of 1940. We conclude the trial court did not abuse its discretion when it determined the effective date of the modification. However, we conclude the trial court committed reversible error by failing to include a complete child support worksheet supporting its decision in the record, and abused its discretion when denying his motion to stay proceedings since it did not make the requisite findings of fact. Thus, we affirm the trial court's decision in part, reverse that decision in part, and remand this case for further proceedings.
 {¶ 2} Lance and Diane were married and had two children as a result of that marriage. The couple resided in San Antonio, Texas until Diane moved to Albuquerque, New Mexico with the children. Subsequently, a Texas court granted the couple a divorce and named them Joint Managing Conservators of the children. Sometime after this, Diane relocated with the children to Belmont County, Ohio. Diane moved for the Belmont County Court of Common Pleas to assume jurisdiction over the matter in accordance with R.C. 3109.22 and to be named residential parent. Lance moved to stay proceedings pursuant to 50 U.S.C. Appx. 521, the Soldiers' and Sailors' Relief Act of 1940. In a journal entry the trial court found it had jurisdiction over the couple's minor children.
 {¶ 3} Sometime later, Diane moved for a modification of the prior child support order issued in the Texas divorce decree due to Lance's "substantial change in income". She also moved that she be ordered to maintain medical insurance coverage on the children, that she be allowed to claim one minor child as an exemption on her tax returns, and that Lance be held in contempt for failing to pay certain medical expenses. Lance again filed a motion to stay proceedings pursuant to50 U.S.C. Appx. 521, the Soldiers' and Sailors' Relief Act of 1940, as his current duty station was in England on September 28, 2000. The trial court stayed proceedings on September 29, 2000, but ordered the parties to exchange financial information and prepare a child support worksheet and ordered Diane to maintain medical insurance coverage for the children.
 {¶ 4} While the stay was in effect, Diane's motions were heard by a magistrate who modified the child support order, found no need to deviate from the child support guidelines, set October 1, 2000, as the effective date of the new child support order, ordered Lance to pay half of certain medical bills, and refused to address whether Diane could claim a child as a tax exemption. Lance filed objections to the magistrate's decision. The trial court denied those objections and recited verbatim the magistrate's decision as its own.
 {¶ 5} We affirm the trial court's decision on the effective date of the modification. A trial court has the discretion to make a modification of child support effective any time after the obligor and the obligee have all received notice that the motion was filed with the trial court. Here, the record reflects Lance received notice of the motion on or prior to September 28, 2000, the day he filed his motion for a stay of those proceedings. Thus, the trial court did not abuse its discretion in making October 1, 2000, the effective date of the modification.
 {¶ 6} However, we reverse its decision for two reasons. First, a trial court must include a completed copy of the child support worksheet in the record when modifying child support and the trial court did not do so in this case. Second, a person in military service is always entitled to a stay of legal proceedings if that person's military service will materially affect his or her ability to participate in the case. However, when the evidence in the record demonstrates the person in military service will not be materially affected by their service on certain issues, those issues may go forward. In order to grant the stay, the trial court must find on the record that the person's military service will not materially affect his or her ability to participate in the case. In this case, the trial court failed to make that finding and, therefore, abused its discretion.
 {¶ 7} Day argues three assignments of error on appeal:
 {¶ 8} "The refusal of the court to deviate from the child support guidelines was error as an abuse of discretion."
 {¶ 9} "The court erred by making the revised child support amount effective October 1, 2000."
 {¶ 10} "The court erred to the prejudice of the Appellant in considering the reimbursement of the uninsured expenses issue despite the prior stay order and despite the Texas decree of divorce."
 {¶ 11} In each of these assignments of error, Lance argues the trial court erred when it overruled his objections and adopted the magistrate's decision as its own. When ruling on objections to a magistrate's decision, a trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ. R. 53(E)(4)(b). The trial court has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." Hartt v.Munobe (1993), 67 Ohio St.3d 3, 5, 615 N.E.2d 617. Accordingly, it decides "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and, where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." Inman v. Inman (1995), 101 Ohio App.3d 115, 118,655 N.E.2d 199.
 {¶ 12} When reviewing the propriety of a trial court's determination in a domestic relations case, this court applies the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. We may not substitute our judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131,541 N.E.2d 597. Further, we should not independently review the weight of the evidence but should be guided by the presumption that the trial court's findings are correct. Miller v. Miller (1988), 37 Ohio St.3d 71,74, 523 N.E.2d 846.
 {¶ 13} Before addressing the substance of Lance's assignments of error, we must address two preliminary issues: the enactment and effect of S.B. 180 on the statutes governing the award of child support and the trial court's failure to include a completed version of the child support worksheet in the record. Although we conclude the trial court's reference to the now-repealed R.C. 3113.215 rather than the provisions found in R.C. Chapter 3119 was harmless error, the trial court's failure to provide this court with a complete child support worksheet forces us to reverse its decision and remand this case to it so that it may issue an order that can be subject to meaningful appellate review.
 {¶ 14} In this case, the hearing was conducted before the magistrate on March 29, 2001, one week after S.B. 180 became effective. Thus, both the magistrate's decision and the trial court's judgment entry were made after the effective date R.C. Chapter 3119 was enacted and former R.C. 3113.21 and 3113.215 were repealed. However, both the magistrate's decision and the trial court's judgment entry expressly applied the former sections of R.C. 3113.21 and R.C. 3113.215. At the same time, the magistrate and trial court used the child support worksheet found in the newly enacted R.C. 3119.022 rather than the one found in R.C. 3113.215(E).
 {¶ 15} Generally, it is recognized that child support statutes are remedial rather than substantive and, as such, may be applied retroactively without violating the laws against retroactive laws.Muzechuk v. Muzechuk, 5th Dist. No. 2001 AP 090089, 2002-Ohio-2527,
at ¶ 49, citing Bielat v. Bielat (2000), 87 Ohio St.3d 350, 721 N.E.2d 28;Swanson v. Swanson (1996), 109 Ohio App.3d 231, 235, 671 N.E.2d 1333. Furthermore, as a general rule, when a statute is repealed, it is rendered inoperative. State ex rel. Board of Edn. of Kenton City SchoolDist. v. State Bd. of Edn. (1963), 174 Ohio St. 257, 22 O.O.2d 325,189 N.E.2d 72, paragraph one of the syllabus. Thus, after the effective date of S.B. 180, March 22, 2001, the trial court should have applied the provisions of R.C. Chapter 3119 rather than R.C. 3113.21 and 3113.215 when rendering its decision. This conclusion is supported by this court's previous decision in Tarr v. Walter, 7th Dist. No. 01 JE 7,2002-Ohio-3188, wherein we approved the trial court's use of R.C. Chapter 3119 in a judgment entry dated March 29, 2001. See, also, Fisher v.Fisher (Mar. 22, 2002), 3rd Dist. No. 7-01-12, Posadny v. Posadny (Feb. 22, 2002), 2nd Dist. No. 18906, and Jones v. Brister (Aug. 6, 2001), 4th Dist. No. 00CA44. This is implicitly recognized by the parties as they cite to and argue about the provisions in R.C. Chapter 3119 in their briefs to this court.
 {¶ 16} For the most part, R.C. Chapter 3119 is a re-enactment of former R.C. 3113.215 which split the former statute's many subsections into independent statutory sections of a new revised code chapter, but did not substantively change the statutory framework. For example, the law regarding deviation from child support guidelines, previously found at R.C. 3113.215(B)(3) and now found at R.C. 3119.22 and R.C. 3119.23, is essentially unchanged. Thus, Lance was not prejudiced by the trial court's use of R.C. 3113.215 when it was determining whether to deviate from the child support guidelines. Similarly, S.B. 180 did not substantively change the law regarding the effective date of modifications to a child support order. Thus, the trial court's failure to properly apply R.C. Chapter 3119 in this case was harmless.
 {¶ 17} We must next address the trial court's failure to include a completed child support worksheet in the record before this court. It appears from the record that the magistrate filed a child support worksheet contemporaneous with his decision. However, that worksheet is unsigned and incomplete as it is missing page three of four. The only other worksheets on record are an identical version of the filed worksheet, which is also missing page three, and one submitted by Diane, which differs significantly from the one filed by the magistrate. The trial court's judgment entry speaks of an attached guideline worksheet, however, one was not attached to its judgment entry.
 {¶ 18} Pursuant to both former R.C. 3113.215 and the current provisions of R.C. Chapter 3119, a trial court must actually complete a child support worksheet and make that completed worksheet a part of the record when it is making a child support determination. Marker v. Grimm
(1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus. This requirement is mandatory in nature and must be followed literally and technically in all material respects. Id. at paragraph two of the syllabus. The trial court is to follow this requirement in order to ensure its order is subject to meaningful appellate review. Id. at 142. The failure to do so constitutes an abuse of discretion. Rock v.Cabral (1993), 67 Ohio St.3d 108, 616 N.E.2d 218.
 {¶ 19} It is not error when a trial court fails to complete its own worksheet as long as the court clearly adopts one of the parties' worksheets. Anderson v. Anderson (Mar. 12, 2002), 7th Dist. No. 01AP755. However, the worksheet that is adopted by the trial court as its own must be a fully completed worksheet containing all of the information the trial court relied upon as mandated by statute. Tarr at ¶ 15-16. It is reversible error for a trial court to include only a partial or incomplete worksheet in the record. Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177; Blake v. Blake (May 4, 1995), 4th Dist. No. 94CA16. As stated above, the trial court has not included a fully completed child support worksheet it has relied upon in the record. Thus, it has committed reversible error.
 {¶ 20} Because of this error, we cannot review Lance's first assignment of error. In that assignment of error, Lance asserts the trial court erred by not deviating from the child support guidelines. R.C. 3119.03 creates a rebuttable presumption that the amount calculated by the basic child support schedule and applicable worksheet is the correct amount of child support due. Without a fully completed child support worksheet, we cannot tell whether the trial court did or did not abuse its discretion by deviating from the statutorily presumed correct amount of child support. Accordingly, the trial court's failure to complete that worksheet is reversible error which precludes us from addressing Lance's first assignment of error.
 {¶ 21} In his second assignment of error, Lance argues he was not aware of the order to provide financial information until November 2000 and, therefore, it was an abuse of discretion for the trial court to make the order retroactive until October 1, 2000. Pursuant to R.C. 3119.84, a trial court may modify an obligor's duty to pay a support payment which becomes due after notice of a petition to modify the support order has been given to the obligee and the obligor before a final order concerning the petition for modification is entered. As a general rule, it is not mandatory that a trial court make its modifications of child support retroactive to the date of filing, it is merely a starting point from which a court may use their sound discretion to vary. Pacurar v. Pacurar
(Mar. 23, 1999), 7th Dist. No. 97CA194, at 2. The trial court is permitted, but not required to retroactively modify a child support order to the date the motion was filed. Rickle v. Rickle (June 27, 2001), 3rd Dist. No. 16-01-05, at 1.
 {¶ 22} Even though Lance argues his lack of notice of an order to provide financial information to the court precludes making the effective date of the modification retroactive, R.C. 3119.84 only is concerned with his notice of the motion to modify the child support order. In this case, the motion to modify child support order was filed on June 5, 2000. However, he was not notified of that motion at the time and the earliest indication from the record that Lance received notice of Diane's motion was when he filed his motion to stay proceedings on September 28, 2000. Thus, it is appears the trial court gave Lance the benefit of the doubt in determining when he had notice of that motion to modify by not presuming he received notice prior to September 28, 2000. By ordering the modification retroactive to October 1, 2000, the trial court did not abuse its discretion. Lance's second assignment of error is meritless.
 {¶ 23} In his third and final assignment of error, Lance argues the trial court erred in considering the reimbursement of uninsured medical expenses due to the prior stay order and the Texas divorce decree. According to Lance, his military service should entitle him to a stay in the proceedings over this issue as his ability to conduct his defense on this issue was materially affected by reason of his military service pursuant to 50 U.S.C. Appx. 521, the Soldiers' and Sailors' Relief Act of 1940, which provides:
 {¶ 24} "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some persons on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." Id.
 {¶ 25} Under this act, a stay in the proceedings is not a matter of absolute right, but lies within the discretion of the trial court and its decision will not be reversed absent an abuse of that discretion.Boone v. Lightner (1943), 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587. Courts must liberally construe 50 U.S.C. Appx. 521 to protect those who have been obligated to drop their own affairs to take up the burdens of the nation. Id. at 575. While absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial, in some cases absence may be by design to delay the proceedings, rather than being the result of military service. Id. Discretion is vested in the courts to see the immunities of the Act are not so abused. Id. However, as courts around the country have noted, it is "improper to deny a motion to stay proceedings without findings by the court that the soldier's ability to defend is not materially affected by military duties." Olsen v. Olsen
(1993), 87 Ohio App. 12 [87 Ohio App.3d 12], 15, 621 N.E.2d 830, citing Coburn v. Coburn (Fla. 1982), 412 So.2d 947; Esposito v.Schille (1944), 131 Conn. 449, 40 A.2d 745. This comports with the well-established principle that when applying an abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court. See In re Jane Doe 1 (1991), 57 Ohio St.3d 135,566 N.E.2d 1181; Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301.
 {¶ 26} In this case, the trial court denied Lance's motion to stay the proceedings, but did not make the requisite findings of fact on the record. As it is improper for the trial court to deny the motion without finding that Lance's ability to defend the action is not materially affected by military duties, we must conclude the trial court abused its discretion when it denied his motion to stay. Thus, we find Lance's third assignment of error is meritorious.
 {¶ 27} As stated above, we sua sponte conclude the trial court's failure to include a fully completed child support worksheet in the record to be reversible error. This precludes us from addressing Lance's first assignment of error. As it is clear Lance was notified of the motion for modification before the effective date of the modification, his second assignment of error is meritless. However, when it denied his motion to stay proceedings, the trial court abused its discretion. Before granting such a stay, the trial court was required to make certain findings and failed to do so. Accordingly, the decision of the trial court is affirmed in part, reversed in part and this cause is remanded to the trial court for further proceedings consistent with this court's opinion.
Vukovich and Donofrio, JJ., concur.