## CIRCUIT COURT OF SHENANDOAH COUNTY

Yvonne A. Dilley

v.

Aaron M. Dilley

November 2, 2004

Case No. (Chancery) CH04-195

BY JUDGE DENNIS L. HUPP

Yvonne A. Dilley and Aaron Michael Dilley are the parents of a child, Kristalyn Aliese Dilley, born December 23, 2002. On April 1, 2004, Yvonne A. Dilley, the mother, and the child's maternal grandmother, Alice Grimes, filed a petition for child custody and support in the Shenandoah County Juvenile and Domestic Relations District Court. Aaron Michael Dilley, the father, was served according to law. Both parents are members of the United States Navy, and, at the time of filing the Petition, the mother was on active duty. Notwithstanding that, however, the mother attended the trial of this case held on July 22, 2004, as did the father and grandmother. After a full adjudicatory hearing, the Court awarded custody of the child to the mother and grandmother, jointly, affording the father reasonable visitation rights. Thereafter, the father appealed to this Court.

The father filed a motion in this Court for temporary custody pending this litigation. The mother moved to stay the proceedings under the provisions of the Servicemembers Civil Relief Act (50 U.S.C. Appx. 501 et seq.). The Court directed the mother's counsel to file the requisite affidavit from the mother's commanding officer and set the matter for hearing on the motion to stay. The Court also assigned a tentative trial date of November 2, 2004. I heard arguments of counsel on October 14, 2004, and granted the stay.

The mother is on active duty with the United States Navy currently stationed in the Kingdom of Bahrain and will not be permitted to return to this jurisdiction for trial. Her deployment is scheduled to end in May 2005. Even without regard to the Servicemembers Civil Relief Act (the Act), I would be

reluctant to hear a civil matter under these circumstances, since one party is on active duty in an area of the world engulfed in conflict. Having said this, I must also say that a child cannot be left in limbo for months on end in cases such as this. Here, however, the child is not in limbo. There has been a full hearing before a duly constituted court of law, and the custody issue was resolved there with all parties present.

The Act does apply to child custody cases. See *Lackey v. Lackey*, 222 Va. 49, 278 S.E.2d 811 (1981), applying the Soldiers' and Sailors' Civil Relief Act of 1940, the predecessor to the current Act, to a child custody case. The father argues that the current Act, specifically § 522, provides a stay when the defendant is on active duty. The mother is the petitioner here. The previous Act applied to parties on military active duty whether they be plaintiff or defendant. The father argues that Congress intended to change this by enacting the Act in its present form.

I hold that the Servicemembers Civil Relief Act applies to our situation. On appeal, the case is tried *de novo* with the parties occupying the same positions as in the lower court; however, for the purposes of applying this Act, the mother is now in the position of a defendant. The father has become the moving party upon filing his appeal. The motion to stay is granted. The trial date of November 2, 2004, is released.